UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLEAR C2, INC., § § *Plaintiff,* § § v. § § VERIZON SOURCING LLC, § § *Defendant.* § § | Civil Action No. 3:25-CV-0979-X |

**MEMORANDUM OPINION AND ORDER**
**TRANFERRING VENUE**

Verizon Sourcing LLC (Verizon Sourcing) asks the Court to transfer the above-styled case to a district court in New York, pursuant to 28 U.S.C. § 1404(a). (Doc. 11). Because the parties agreed to a forum-selection clause specifying that suits must be brought in New York state or federal courts, the Court **GRANTS** Verizon Sourcing's motion to transfer. The Court also **DENIES WITHOUT PREJUDICE** Verizon Sourcing's motion to dismiss. (Doc. 12).

The contract underlying Clear C2's claims contains a provision requiring "[a]ny suit brought by either party against the other party for claims arising out of this Agreement [to] be brought in . . . the Southern District of New York" or the corresponding state court.[1] The Supreme Court has directed, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary

---

[1] Doc. 11-1 at ¶ 35.

1

circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."[2]

Here, Clear C2, Inc. (Clear C2) recognizes that "[t]his is a breach of contract case," and "does not dispute the fact that there is a mandatory forum selection clause in its contract with Verizon."[3] It even concedes that the clause is enforceable. It must therefore "carry the heavy burden of demonstrating that enforcement of the forum-selection clause would be unreasonable under the circumstances."[4]

Clear C2's opposition to transfer is based solely on the fact that "litigating this case in New York would be gravely inconvenient."[5] It points to the fact that both sides' key witnesses are here in Texas and the work for which it claims it was not properly paid under the contract took place here as well.

But Clear C2 contracted away its right to select the forum of its choice. Consequently, the Court will not consider Clear C2's private interests in litigating here in Texas but will consider only public interests.[6] Clear C2 argues that the public interest in local issues being decided at home should overcome the presumption for the forum selection clause.[7] It may be true that Clear C2, the case's key witnesses,

---

[2] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

[3] Doc. 14 at 1.

[4] *Fleetwood Servs., LLC v. Bus. Sols Grp., Inc.*, Civ. N. 3:17-CV-2272-G, 2018 WL 501184, at *3 (N.D. Tex. Jan. 22, 2018) (Fish, J.) (citing *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997)).

[5] Doc. 14 at 1.

[6] *Atl. Marine Const. Co.*, 571 U.S. at 582.

[7] Doc. 14 at 9 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (listing the public interest factors a court should weigh in deciding whether to transfer venue)).

and the relevant work under the contract all call Texas home, but if that was sufficient local interest to overcome a valid forum selection clause, such clauses would be largely pointless.[8]

Nothing Clear C2 presents is extraordinary such that it warrants overruling the parties' agreed upon forum-selection clause. Therefore, the Court **GRANTS** Verizon Sourcing's motion to transfer venue. (Doc. 11). The Court also **DENIES WITHOUT PREJUDICE** Verizon Sourcing's motion to dismiss. (Doc. 12). Verizon Sourcing can refile a motion to dismiss in the transferee court.

The Court hereby transfers this case to the United States District Court for the Southern District of New York.[9]

**IT IS SO ORDERED** this 4th day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] *See, e.g.*, *KeyCity Cap., LLC v. Davenport Invs., LLC*, Civ. No. 3:21-cv-2046-D, 2022 WL 581146, at *9 (N.D. Tex. Feb. 25, 2022) (Fitzwater, J.) (rejecting the argument that a forum was "gravely inconvenient" when it was merely far away).

[9] "Start spreading the news; [you're] leaving today." Frank Sinatra, *Theme from New York, New York*, *on* Trilogy: Past Present Future (Reprise Recs. 1980).